[No. 13505.  Department Two.  January 24, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v.
HARRY R. KNOWLES, *Appellant.*[1]

EXTRADITION—INTERSTATE — RIGHTS OF ·ACCUSED — TRIAL — SAME CHARGE. It must be assumed that accused was tried on the charge on which he was extradited, where he was extradited on a charge of grand larceny pending before a committing magistrate, and waived examination and was bound over and later charged in a new information with grand larceny jointly with another, and separately tried and convicted, it not being shown that the conviction was based upon other facts than those originally charged.

EMBEZZLEMENT—EVIDENCE — ADMISSIBILITY — SUFFICIENCY. In a prosecution for embezzling the moneys of a lodge, in which there was evidence that a bank account was an account kept by the accused of moneys belonging to the lodge, the statement of the bank account is competent to show the condition of the fund, and it was for the jury to determine whether the fund belonged to ·the lodge.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered April 24, 1915, upon a trial and conviction of grand larceny.  Affirmed.

*E. C. Dailey*, for appellant.

*O. T. Webb, Clifford Newton*, and *H. D. Cooley*, for respondent.

MOUNT, J.—This appeal is from a conviction on a charge of grand larceny.  The appellant was charged jointly with another, and tried separately.

The first point argued by the appellant is that the trial court had no jurisdiction, because the appellant was extradited from the state of Arkansas upon one offense and tried in this state on another.  At the time the question was raised, appellant made an affidavit to the effect, that he was extradited from the state of Arkansas to the state of Washington to answer to a charge of grand larceny, which had been filed in the justice court in Everett precinct, in Sno-

[1]Reported in 162 Pac. 518.

homish county; that the affiant, after his extradition, waived examination before the justice court, and was bound over to the superior court of the state of Washington to answer to the charge of grand larceny; that thereafter another charge was filed against appellant, charging him, together with another person, with the crime of grand larceny; that the first charge was dismissed; that he was not given an opportunity, after the dismissal of the first charge, to return to the state of Arkansas.

It is contended by the appellant that, under the law, he cannot be tried for any other offense than the particular offense upon which he was extradited. No authorities are cited by the appellant to that effect. In *Harland v. Territory*, 3 Wash. Terr. 131, 13 Pac. 453, it was held that a person could be tried for a crime which was slightly different from the one upon which he was extradited. In *State v. Lindgrind*, 33 Wash. 440, 74 Pac. 565, it was conceded that the appellant could only be tried for the crime for which he was extradited, and the court did not, therefore, consider the question. The rule is stated at 19 Cyc., page 97, as follows:

"Although there has long been a conflict in the decisions of courts of the several states, it is now generally accepted that a fugitive from justice, surrendered by one state upon the demand of another, is not protected from prosecution for offenses other than that for which he was surrendered but may be tried for any crimes committed in the demanding state either before or after extradition."

A number of cases are there cited to sustain the rule. It is not necessary in this case, we think, to determine what the rule is, for it is apparent from the affidavit of the appellant, filed in the case, that he was extradited from the state of Arkansas for the crime of grand larceny, which was then pending before a committing magistrate. When he was brought here, he waived examination before the committing magistrate, and was bound over to the superior court. In the superior court, it appears that a new information was

filed, charging the same offense against the appellant and another person, jointly. The appellant was tried separately, and convicted. It does not appear that the information upon which appellant was tried was based upon other facts than the original charge. We must assume, then, that the facts were the same. We think it is plain, therefore, that the appellant was tried for the offense upon which he was extradited, namely, grand larceny.

It is next objected that the court erred in admitting evidence of a bank account which the appellant carried in a bank in Everett. There was evidence to the effect that this bank account was really an account kept by the appellant of moneys belonging to the Eagles' Lodge, which money is alleged to have been appropriated by the appellant. The statement of the bank account was clearly competent to show the condition of that fund, and it was for the jury to determine whether the fund was really property of the appellant or of the lodge of which he was an officer.

It is next contended that there was no evidence sufficient to warrant the conviction of the appellant. Without reviewing the facts upon that question, that was clearly a question for the jury. It is not pointed out in what the evidence was deficient, except it is stated that it was not proven that the appellant received any money belonging to the lodge. There was ample evidence of that fact, and whether the appellant was guilty upon all the facts was a question for the jury.

We find no error in the record, and the judgment is therefore affirmed.

MORRIS, PARKER, HOLCOMB, and FULLERTON, JJ., concur.